**Charles E. THOMPSON, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 93–264.

United States Court of Veterans Appeals.

June 11, 1996.

Before KRAMER, IVERS, and STEINBERG, Judges.

## ORDER

PER CURIAM.

On August 25, 1995, the Court issued an opinion granting the Secretary's motion and dismissing the appeal for lack of jurisdiction due to an untimely filed Notice of Appeal (NOA). *Thompson v. Brown*, 8 Vet.App. 169 (1995). The Court held, inter alia, that the presumption of regularity that the Board of Veterans' Appeals (BVA or Board) had properly mailed a copy of the March 1992 BVA decision to the appellant's authorized representative pursuant to 38 U.S.C. §§ 5104(a) and 7104(e) was rebutted by clear evidence that the BVA had used the "flat-mail" process to send a copy of the decision to the Department of Veterans Affairs (VA) regional office (RO) for delivery to the appellant's authorized representative. *Id.* at 180. The Court determined that the appellant's autho-

rized representative at the time the BVA decision was issued was the Georgia Department of Veterans Service (SDVS) in Atlanta [hereinafter Atlanta SDVS]. *Ibid.* The Court held that there was a mailing defect but that it had been cured by Atlanta SDVS's actual receipt, which the Court inferred from the facts, of the BVA decision. *Id.* at 181.

In its opinion, the Court noted that the Secretary had submitted to the Court copies of a cover letter and BVA decision which had been provided by the Valdosta, Georgia, SDVS office [hereinafter Valdosta SDVS], and inferred from the following facts that Atlanta SDVS had provided the copy of the BVA decision to the Valdosta SDVS office such that receipt by Atlanta SDVS had to have occurred no later than April 3, 1992: (1) "the Atlanta SDVS office had a BVA cover sheet in its file identified with the veteran's name"; (2) "the Valdosta SDVS office had a copy of the BVA decision and cover sheet with a hand-written notation in the upper right hand corner 'CC: Dept. of Veterans Service, DVARO, Atlanta, GA', the notation ... which ... the BVA would have made, in regular course, to designate to which RO the decision copy should be provided by flat mail"; and (3) the "Ashworth [BVA] declaration stated that the annotation 'indicate[s] that the copy of the decision was to be sent to [the SDVS], Georgia, located at the Atlanta, Georgia, VARO.'" *Ibid.*

Subsequently, the Court on December 4, 1995, sua sponte, ordered that the Court's opinion would be reconsidered insofar as its dismissal of the appeal and its holding, in the last three paragraphs of the opinion, on which that dismissal was based, that the appellant's representative, the Atlanta SDVS office, had actually received, not later than April 3, 1992, a copy of the March 23, 1992, BVA decision, thus curing the Board's defect in mailing notice of that decision to that office pursuant to 38 U.S.C. § 7104(e). *Thompson v. Brown*, 8 Vet.App. 430, 431 (1995) (per curiam order). The Court directed the Secretary to file, inter alia, "any and all documents relevant to the receipt of the March 1992 BVA decision by the Atlanta SDVS that are contained in the files of the Atlanta and Valdosta SDVS offices" and to

submit a Second Supplemental Preliminary Record. *Id.* at 431–32. The Court also provided an opportunity for the appellant to file a reply.

The Secretary has submitted a Second Supplemental Preliminary Record (Second Suppl. Prelim. R.) as ordered by the Court. In his response to that order, the Secretary asserted that the Court's concerns regarding the actual receipt of the March 1992 Board decision by Atlanta SDVS, as expressed in the Court's December 4, 1995, order, have been addressed by the affidavits, submitted as part of the Second Supplemental Preliminary Record, of Robert L. Ashworth, Assistant Director, BVA Administrative Service; Joseph W. Dorolek, III, Acting Director, Atlanta VARO; Howard J. Perdue, Veterans Benefits Claims Counselor, Atlanta SDVS; and Joyce Y. Boyd of Valdosta SDVS. Response (Resp.) at 7. The Secretary asserted that the affidavits show that Atlanta SDVS actually received an annotated copy of the Board decision no later than March 31, 1992, that it was initialed by Mr. Perdue of Atlanta SDVS, and then forwarded to Valdosta SDVS for review and was received there no later than April 3, 1992.

According to the May 1995 affidavit of the Board's Mr. Ashworth, (1) the Board annotated a copy of the March 23, 1992, Board decision with "SDVA GA VARO Atlanta GA" and placed a red arrow next to the stamped line; (2) this notation indicated that the copy of the decision was to be sent to Atlanta SDVS, collocated with the Atlanta VARO; and (3) the decision was then "mailed" to the appellant's designated representative, Atlanta SDVS, by means of the flat-mail procedure declared invalid by *Trammell v. Brown,* 6 Vet.App. 181 (1994). *See* Second Suppl. Prelim. R. at 6.

A January 1996 affidavit of the Atlanta VARO's Mr. Dorolek contained the following information: (1) The Board's March 1992 decision was received via flat mail in the Atlanta VARO mail room and contained the annotation "cc: Dept. of Veterans Service, DVARO, Atlanta, GA." on the front; (2) the copy included the Board's cover letter, the BVA decision, and the notice of appellate rights; (3) in 1992, in the regular course of

business, the annotated March 1992 Board decision "was placed in the courier mail cart in the section designated for the SDVS" and was taken "by the mail courier to the SDVS office collocated at the regional office and placed in a box designated for incoming mail"; (4) "[i]n the regular course of business, the mail courier does not make documentation of mail deliveries"; and (5) the Atlanta VARO "does have a claims file regarding the appellant and it contains copies of correspondence relevant to the BVA decision" including "the BVA cover letter, the BVA decision dated March 23, 1992, and [the] notice of appellate rights". *Id.* at 10–11.

A January 1996 affidavit of Atlanta SDVS' Mr. Perdue averred that "in the regular course of business, the BVA decision was received by SDVS, Atlanta, claims staff from the BVA and sent to the SDVS Central Office and then sent to the field office in Valdosta". Second Suppl. Prelim. R. at 16. He stated that (1) he is one of nine veterans' benefits claim counselors on the Claims Staff which is collocated with the Atlanta VARO (*id.* at 13); (2) in 1992 BVA decisions were sent to his office, in the regular course of business, where they "were then routinely initialed by the counselor of the claims staff handling cases with specified digits at the end of the veteran's claim number" (*id.* at 14); (3) because he handles digits 34 through 44, he "initialed this case in the upper right hand corner" of the March 1992 Board decision (*ibid.*); (4) "the SDVS receives copies of letters and decisions routinely from the DVARO when we have the veterans' power of attorney" and then those BVA decisions are sent to the Central Office of the Georgia SDVS, also located in Atlanta, for distribution to the field offices (*ibid.*); (5) "since my initials appear on [p]age 1 of the decision dated March 23, 1992 ..., I believe the SDVS, Atlanta, did receive a copy" (*id.* at 15); (6) the Claims Staff at SDVS "does not maintain separate files for each veteran and uses the DVARO 'C' files when necessary"; the veteran's file at "the SDVS Central Office in Atlanta (not our field office in Valdosta) contains no record of the decision" (*ibid.*); and (7) Atlanta SDVS "would have routinely

sent the copy of the entire package of documents in this case to the SDVS Field Office in Valdosta" because that office is the nearest to the veteran's address (*id.* at 15–16).

A January 1996 affidavit from Valdosta SDVS' Ms. Boyd stated that other than the March 23, 1992, date of the BVA decision, the Valdosta SDVS file copy contains notations of March 31, 1992, and April 3, 1992. *Id.* at 18. She stated: "The placement of both of these dates are in keeping with normal SDVS procedures for date stamping received correspondence. The March 31, 1992[,] placement is indicative of the location for [an] SDVS Atlanta date stamp. As for the April 3, 1992[,] placement, this would indicate that this was the date the correspondence was received by SDVS Valdosta." *Id.* at 18–19. She notes that the notation "cc: Dept. of Veterans Service, DVARO, Atlanta, GA." is in red ink and that therefore "this is a copy that was furnished by the BVA, that was routed through SDVS Atlanta." *Id.* at 19.

The appellant contends that his NOA should be.deemed to have been timely filed because there is no evidence that his designated representative, Atlanta SDVS, ever actually received a copy of the Board decision. Resp. at 4. He asserts that because Mr. Perdue's affidavit stated that the SDVS Central Office did not have a copy of the March 1992 Board decision in the file maintained for him there, the Secretary has failed to show that the defective mailing (by flat mail procedure) was cured through actual receipt by his authorized representative. Resp. at 2. He states that if the Atlanta SDVS claims staff had received the Board decision in 1992 then it "sur[e]lly would have been on record at their other building called the central office" in Atlanta. Resp. at 3.

The Court has carefully reviewed the parties' latest submissions and the Second Supplemental Preliminary Record. For the reasons that follow, the Court will reaffirm its August 25, 1995, jurisdictional factfinding and decision to dismiss the appeal.

■ The Court's caselaw is clear that the Board's failure to comply with 38 U.S.C. § 7104(e)'s mailing requirement can be cured by evidence of actual receipt of a copy of the

BVA decision by the claimant's authorized representative. *See Davis v. Brown*, 7 Vet. App. 298, 303 (1994) (citing *Ashley v. Derwinski*, 2 Vet.App. 307, 311 (1992)). In its August 25, 1995, opinion in this matter, the Court held that the Atlanta SDVS office was the appellant's authorized representative (*Thompson*, 8 Vet.App. at 180), and in his pleading to this Court the appellant has conceded that that office was his representative at the time the Board issued its decision (*see, e.g.,* Appellant's March 22, 1996, Resp. at 2).

■ In support of actual receipt, the Secretary has now provided the affidavit of Mr. Perdue of Atlanta SDVS who averred that his initials appear on page 1 of the March 1992 Board decision and that he thus believes that that office "did receive a copy". Second Suppl. Prelim. R. at 15. He also attested to the practice of that office sending BVA decisions to the SDVS Central Office in Atlanta for distribution to the field offices nearest the veteran and stated that the March 1992 Board decison in this case would have been forwarded from the Atlanta SDVS Central Office to Valdosta SDVS. Second Suppl. Prelim. R. at 14–16. The affidavit of Mrs. Boyd of Valdosta SDVS stated that the placement of the March 31, 1992, date-stamp on the March 23, 1992, Board decision "is indicative of the location for [an] SDVS Atlanta date stamp" and that the placement of the April 3, 1992, date-stamp indicates the date "the correspondence was received by SDVS Valdosta". Second Suppl. Prelim. R. at 18–19. She also stated that the copy in her file contained a red marking for one of the notations which indicates that that copy was furnished by the Board and had been routed to her office through the Atlanta SDVS office. *Id.* at 19.

The Court rejects the appellant's contention that because Mr. Dorolek stated that the BVA decision had been sent to the Atlanta VARO, and thus had not been mailed directly to the appellant's representative, the Secretary has not cured the defective mailing (Resp. at 6). The Court's caselaw does not limit the method by which the Secretary may show actual receipt by a claimant's representative. *See Davis* and *Ashley*, both *supra*.

Accordingly, actual receipt can be achieved through flat mail procedure if there is proof of actual receipt by the representative and reliance for such receipt is not based upon the *mere assertion* that standard flat mail procedures were followed. The Court is also not persuaded by the appellant's contention that the lack of a copy of the Board decision in the files of the Atlanta SDVS Central Office shows that his representative did not actually receive a copy. The affidavit of Mr. Perdue, a claims counselor on the staff at Atlanta SDVS, clearly supports the Court's prior finding, reaffirmed today, that that office did receive a copy of the decision, and Ms. Boyd's affidavit clarifies that that decision had been received by the Atlanta SDVS office on March 31, 1992. The fact that that office did not have a copy of the decision does not mean it had never received one.

Upon consideration of the foregoing, the Court holds that the Secretary's submissions contain competent evidence showing actual receipt by the appellant's representative, the Atlanta SDVS, on March 31, 1992, and thus support the Court's prior inference that the Atlanta SDVS had received a copy of the decision no later than April 3, 1992. Accordingly, the Court reaffirms its August 25, 1995, opinion in this matter, specifically the portions thereof that were the subject of the reconsideration ordered by the Court on December 4, 1995. Accordingly, it is

ORDERED that the Court's August 25, 1995, opinion dismissing this appeal for lack of jurisdiction due to an untimely NOA is REAFFIRMED. *See Thompson*, 8 Vet.App. at 181.