**Curtis J. McNARON, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 93–474.

United States Court of Veterans Appeals.

Jan. 17, 1997.

eration of the Court's July 14, 1993, order dismissing his appeal for lack of jurisdiction, and to reinstate his appeal. For the reasons stated below, the appellant's motion will be denied.

## I. BACKGROUND

On May 20, 1993, the appellant filed a Notice of Appeal (NOA) from a Board of Veterans' Appeals (BVA or Board) decision dated August 24, 1992. On June 28, 1993, the Court ordered the appellant to show cause why his appeal should not be dismissed for lack of jurisdiction for failure to file his NOA within 120 days of the date of mailing of the BVA's decision to him. The appellant filed a response on July 2, 1993. Upon consideration of the appellant's response, the Court found that the appellant had not established that the Court had jurisdiction to hear his appeal. By single-judge order dated July 14, 1993, the Court dismissed the appeal for lack of jurisdiction. The appellant moved for review of the July 14 order. That motion was denied by a panel of this Court on August 10, 1993. The appellant filed an appeal to the U.S. Court of Appeals for the Federal Circuit. The appeal was dismissed by order issued on January 10, 1994, for lack of jurisdiction. *McNaron v. Brown,* 17 F.3d 1443, 1994 WL 18470 (Fed.Cir.1994) (table). The appellant then filed a petition for a writ of certiorari to the Supreme Court of the United States, and the petition was denied. *McNaron v. Brown,* 511 U.S. 1108, 114 S.Ct. 2103, 128 L.Ed.2d 664 (1994). On October 7, 1994, this Court issued its mandate.

On May 17, 1996, the Court received correspondence from the appellant asserting that he did not receive the BVA's August 24, 1992, decision until May 1993. The Court construed this letter as a motion to recall the mandate of the Court, reconsider the Court's July 14, 1993, order, and reinstate his appeal. In support of his motion, the appellant submitted, inter alia, (i) a form from the BVA reflecting that the August 24, 1992, decision had been returned undelivered after being sent to the wrong VA regional office (RO); then, after being sent to the correct RO, the decision was then sent to the incorrect address; and (ii) a copy of an envelope

Curtis J. McNaron, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Andrew J. Mullen, Special Assistant to the Assistant General Counsel; and Karen P. Galla, Washington, DC, were on the brief for appellee.

Before NEBEKER, Chief Judge, and FARLEY and STEINBERG, Judges.

FARLEY, Judge:

The appellant moves to recall the October 7, 1994, mandate of this Court, for reconsid-

postmarked May 12, 1993, addressed to the appellant with the return address of the Virginia RO. The appellant stated that he had received the August 1992 decision for the first time in that envelope. On June 14, 1996, the Court determined that it would need additional information to decide if the appeal should be reopened and ordered the Secretary to file a preliminary record with evidence demonstrating that the BVA had mailed the August 24, 1992, decision in accordance with the requirements of 38 U.S.C. § 7104(e) and 38 U.S.C § 7266(a).

The Secretary filed a response on September 27, 1996, in which he asserted that the BVA decision was mailed to the appellant at his last known address. Response (Resp.) at 3. The Secretary was unable to provide the Court with documentation that conclusively established that the proper mailing procedures were followed, but noted that the absence of such evidence is not necessarily indicative that proper procedures were not followed. Resp. at 2. The Secretary then described, in detail, the subsequent efforts taken to ensure that the appellant would receive a copy of the decision after the initial mailing to the appellant was returned undelivered. Finally, the Secretary argued that the extraordinary circumstances necessary to recall a court's mandate are not present. Resp. at 11.

## II. ANALYSIS

A court has the power to set aside any judgment where necessary to protect the integrity of its own processes. *See Sargent v. Columbia Forest Products, Inc.,* 75 F.3d 86, 89 (2nd Cir.1996); *but see Boston and Maine Corp. v. Town of Hampton,* 7 F.3d 281, 282–83 (1st Cir.1993) (questioning the "inherent authority" to recall a mandate). The exercise of this power is within the discretion of the court. *Zipfel v. Halliburton Co.,* 861 F.2d 565, 567 (9th Cir.1988). However, such discretion may be exercised only for good cause or to prevent injustice, and only when "unusual circumstances exist sufficient to justify modification or recall of a prior judgment." *Ibid.* "Even if authority to recall a mandate still exists, it 'should be exercised sparingly, and only upon a showing

of exceptional circumstances.'" *Boston and Maine Corp.,* 7 F.3d at 283 (citations omitted). Under the strict standards governing the exercise of power to recall a mandate, the mere questioning of a court's reasoning, construction, or application of the relevant law is insufficient by itself to justify the recall of a mandate. *See Sargent,* 75 F.3d at 90 (citing *Hines v. Royal Indem. Co.,* 253 F.2d 111, 114 (6th Cir.1958)); *Boston and Maine Corp., supra.*

Among the "exceptional circumstances" justifying a court's exercise of the power to recall a mandate are the discovery that the judgment was obtained by fraud, *see Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 248–50, 64 S.Ct. 997, 1002–03, 88 L.Ed. 1250 (1944), and the correction of clerical mistakes and judicial oversights, *see, e.g., Patterson v. Crabb,* 904 F.2d 1179, 1180 (7th Cir.1990) (court recalled its mandate where its dismissal of petitioner's claim was based on the absence of a required final order, which had been entered but was overlooked by the court); *Lamb v. Farmers Insurance Co., Inc.,* 586 F.2d 96, 97 (8th Cir. 1978) (mandate recalled because error in court clerk's office caused court's erroneous decision); *Verrilli v. City of Concord,* 557 F.2d 664, 665 (9th Cir.1977) (mandate recalled because court simply overlooked an existing statute applicable to the case). Another example of an "exceptional circumstance" is where it was discovered that the petitioner had died prior to the issuance of the mandate. *See Keel v. Brown,* 9 Vet.App. 124 (1996) (per curiam order); *Ferrell v. Estelle,* 573 F.2d 867, 868 (5th Cir.1978).

Courts have also recalled mandates based upon a subsequent change in the law, but only in "significant instances where appellate courts have found special reason for disturbing repose and finality in the interest of justice." *Greater Boston Television Corp. v. F.C.C.,* 463 F.2d 268, 278–79 (D.C.Cir.1971); *compare Zipfel,* 861 F.2d at 567, 570 (court recalled its mandate after Supreme Court decision, issued shortly after its decision, "depart[ed] in a pivotal aspect" from its decision) and *Sargent, supra* (mandate recalled in a diversity case when (i) a subsequent inconsistent state supreme court decision was

issued, (ii) the pending state supreme court case had been brought to the court's attention while the federal court case was pending, and (iii) the equities strongly favored the party seeking the relief), *with Boston and Maine Corp.,* 7 F.3d at 280–81 (motion to recall mandate denied because, even after the subsequent state supreme court case questioning the reasoning, the judgment was not demonstrably wrong).

 The appellant has failed to establish any special circumstances that would justify the recall of the Court's mandate. There is no evidence that the judgment was obtained by fraud on the part of the Secretary. The appellant does not argue that any ministerial error led to the adverse decision, or that the law or circumstances have changed in any way that would warrant the recall. There is nothing to suggest that the newly submitted evidence was unavailable to the appellant at the time of the dismissal of his appeal. In fact, the only error that can be found is the appellant's failure to present the evidence when he had the opportunity to do so and the Court was authorized to consider it. Even if the appellant's newly presented evidence had been submitted prior to the July 14, 1993, order, and it affected the outcome, it would still not justify a recall of the mandate. Extraordinary relief cannot be used as a device for granting a late rehearing, even if the Court "becomes doubtful of the wisdom of the decision that has been entered and become final." *Greater Boston Television Corp.,* 463 F.2d at 277; *Johnson v. Bechtel Associates Professional Corp.,* 801 F.2d 412, 416 (D.C.Cir.1986).

 Finally, the Court is compelled to note that the evidence submitted in connection with the instant motion would not have changed the original result. The ultimate burden of establishing jurisdiction rested with the appellant. *See McNutt v. G.M.A.C.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Bethea v. Derwinski,* 2 Vet.App. 252, 255 (1992). This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178–79, 100 L.Ed.2d 811 (1988); *Machado v.*

*Derwinski,* 928 F.2d 389 (Fed.Cir.1991); *Dudley v. Derwinski,* 2 Vet.App. 602, 605 (1992) (en banc order). To have been timely filed under 38 U.S.C. § 7266(a) and Rule 4 of this Court's Rules of Practice and Procedure, the NOA in this appeal must have been filed with the Court within 120 days after notice of the BVA decision was mailed to the appellant's last known address. 38 U.S.C. §§ 7104(e), 7266(a); *see Butler v. Derwinski,* 960 F.2d 139, 140–41 (Fed.Cir.1992). In the absence of clear and convincing evidence to the contrary, the Board is presumed to have mailed its decision in accordance with 38 U.S.C. § 7104. *Ashley v. Brown,* 6 Vet.App. 52, 56 (1993).

The record reflects that the Board mailed its decision to the appellant's last known address, as then required by 38 U.S.C. § 7104(e), and the appellant has not presented any evidence to the contrary. Although the appellant contends that he did not receive the decision because of a change of address, he does not allege that the Board was aware of his new address at the time the BVA decision was issued. When the decision was returned to the Board, the Board did make further attempts to deliver the decision to the veteran. The Secretary acknowledges that the BVA had some difficulty with those subsequent attempts (Resp. at 7), but it was the date of the original mailing to the appellant's last known address that marked the start of the 120–day period. *See Thompson v. Brown,* 8 Vet.App. 169, 179 (1995), *sua sponte recons. ordered on other grounds,* 8 Vet.App. 430 (1995), *reaff'd,* 9 Vet.App. 173 (1996); *cf. Hyson v. Brown,* 5 Vet.App. 262, 265 (1993). Thus, the appellant has failed to present the evidence necessary to establish this Court's jurisdiction. *See McNutt, supra.*

## III. CONCLUSION

Upon consideration of the foregoing, the Court holds that no exceptional circumstances exist that would justify the recall of its mandate, and the appellant's motion to vacate the Court's mandate, reconsider its dismissal, and reinstate the appeal is DENIED.