Charles F. TAYLOR, Appellant,

v.

Togo D. WEST, Jr., Acting Secretary of Veterans Affairs, Appellee.

No. 95–1225.

United States Court of Veterans Appeals.

April 14, 1998.

Before FARLEY, HOLDAWAY, and STEINBERG, Judges.

### ORDER

PER CURIAM:

On July 3, 1997, the Court issued a memorandum decision affirming in part and vacating in part the September 1995 Board of Veterans' Appeals (BVA) decision on appeal and remanding a matter. On July 28, 1997, the Court entered judgment. On September 29, 1997, the Court issued its mandate.

On February 3, 1998, the Secretary filed a pleading advising the Court that the appellant had died. Appended to the Secretary's pleading was a death certificate certifying that the appellant had died on July 27, 1997. The Court notes that the appellant's death occurred one day prior to judgment being entered in his appeal.

The Court held in *Landicho v. Brown,* 7 Vet.App. 42, 46–49 (1994), that substitution by a party claiming accrued benefits under 38 U.S.C. § 5121(a) is not permissible in this Court where the appellant is a veteran who dies while the denial by the BVA of the veteran's claim for disability compensation under chapter 11 of title 38, U.S.Code, is "pending" here on appeal. *See Zevalkink v. Brown,* 102 F.3d 1236, 1243–44 (Fed.Cir. 1996) (expressly agreeing with this Court's *Landicho* holding). Under such circumstances, the Court held that the appropriate remedy is to vacate the BVA decision from which the appeal was taken and to dismiss the appeal. *Landicho,* 7 Vet.App. at 54. This is done to ensure that the BVA decision and the underlying Department of Veterans Affairs (VA) regional office (RO) decision will have no preclusive effect in the adjudication of any accrued-benefits claims derived from the veteran's entitlements. *Ibid.* In such a case, because the appeal has become moot by virtue of the veteran appellant's death, the appeal is dismissed. *See id.* at 53–54; *see also Keel v. Brown,* 9 Vet.App. 124, 124 (1996) (per curiam order) (Court recalls judgment and mandate as to decision issued after appellant died).

The fact situation in the instant matter presents the Court with the question whether the appellant's appeal was "pending" before the Court, given that he died after the Court had issued its decision in his case but before judgment was entered. For the reasons that follow, the Court holds that this appeal was pending at the time of the appellant's death.

The word "pending" may be defined as follows: "Begun, but not yet completed; during; before the conclusion of; ... in process of settlement or adjustment.... Thus, an action or suit is 'pending' from its inception until the rendition of final judgment." BLACK'S LAW DICTIONARY 1134 (6th ed.1990). Under 38 U.S.C. § 7291(a), a decision of this Court becomes final "upon the expiration of the time allowed for filing ... a notice of appeal from such decision, if no such notice is duly filed within such time." Rule 35 of the Court's Rules of Practice and Procedure (Rules) provides generally that a party may seek reconsideration or review of a decision of this Court within 21 days after the date of the initial decision. If no such motion is filed, judgment is entered. U.S. VET.APP. R. 36. Judgment is the judicial determination or sentence of the Court upon a matter within its jurisdiction. *See* 10 C.M. THOMPSON, CYCLOPEDIA OF FEDERAL PROCEDURE § 35.01 (3d ed.1984); 12 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 58.02 (3d ed.1997).

Entering judgment effectuates the Court's decision and also triggers the 60–day period, established by statute, within which appellate review of a decision of this Court may be sought in the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). 38 U.S.C. § 7292(a); FED. R.APP. P. 4(a)(1); *see Bowers v. Brown,* 8 Vet.App. 25, 27 (1995). Rule 41(a) provides that this Court's mandate will generally issue 60 days after the date of entry of judgment, assuming no appeal was filed. The expiration of the 60 days signifies that the time for appeal has run and that the decision has become final and binding upon the parties. *Cf. Tobler v. Derwinski,* 2 Vet. App. 8, 13 (1991) (per curiam order) (noting the distinction between the finality of a court's decision in a particular case with respect to the parties to that case and the precedential effect of such a decision with respect to other claims, cases, and appeals).

Rule 36 provides: "Unless the Court orders otherwise, the judgment will be entered after the time allowed in Rule 35(d)(1) or (2) has expired". The Court notes that although judgment was not entered until July 28, 1997, the 21–day reconsideration/review period provided by Rule 35 actually had expired on July 24, 1997. This delay in entering judgment does not change our analysis, however. Regardless of when the Court actually entered judgment, the time for seeking reconsideration and review expired on July 24,

1997, and any motion filed under Rule 35 thereafter would have been untimely. The practical result of the Court's failure to enter judgment timely was to delay the running of the 60–day period in which to file an appeal to the Federal Circuit. *See Shalala v. Schaefer,* 509 U.S. 292, 302–03, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993); *Strouth v. Brown,* 8 Vet.App. 502, 504 (1996); U.S. Vet.App. R. 36 ("Entry of the judgment begins the 60–day time period for any appeal to the [Federal Circuit]."). Judgment having not been entered prior to the appellant's death, the Court's decision was not effectuated and the appeal remained pending for purposes of filing an appeal to the Federal Circuit. *See, e.g., Bowers,* 8 Vet.App. at 27 (holding that an August 24, 1992, order granting a joint motion for remand also constituted the mandate; that the order was final and not appealable; that the order terminated the appeal; and that, therefore, the appeal was not "pending" before the Court on October 29, 1992, the effective date of the Federal Courts Administration Act (FCAA), Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992) (found at 28 U.S.C. § 2412 note), for the purposes of this Court's having jurisdiction to entertain application for reasonable attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), as made applicable to this Court by FCAA); *cf. Strouth, supra* ("[f]inality is not delayed until the Court issues its mandate, but is instead measured as 60 days after the date stamped on the judgment").

In view of the foregoing analysis, the Court holds, for purposes of determining its jurisdiction, that the appellant's appeal was pending before the Court at the time of his death because judgment had not issued at that time and the Court's decision had thus not become binding on the parties and final. *See Strouth* and *Bowers,* both *supra.* Consequently, under the holding in *Landicho, supra,* this appeal has become moot by virtue of his death. *See McNaron v. Brown,* 10 Vet.App. 61, 63 (1997) (citing *Keel, supra,* for proposition that an example of exceptional circumstances "justifying a court's exercise of the power to recall a mandate . . . is where it was discovered that the petitioner had died prior to the issuance of the mandate").

On consideration of the foregoing, it is

ORDERED that the judgment in this appeal is recalled. It is further

ORDERED that the Court's July 3, 1997, memorandum decision is withdrawn. It is further

ORDERED that the September 27, 1995, BVA decision is VACATED. This decision of the Court vacating the BVA decision has the legal effect of nullifying the previous merits adjudication by the VARO underlying this September 1995 BVA decision because that RO decision was subsumed in the BVA decision. *See Yoma v. Brown,* 8 Vet.App. 298 (1995) (per curiam order) (relying on *Robinette v. Brown,* 8 Vet.App. 69, 80 (1995)); *see also Hudgins v. Brown,* 8 Vet.App. 365 (1995) (per curiam order) (any accrued-benefits claim filed by survivor will have same character as claim that veteran was pursuing at time of death). It is further

ORDERED that this appeal is DISMISSED for lack of jurisdiction.