Wallace K. TIDWELL, Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.

No. 96–1778.

United States Court of Veterans Appeals.

June 8, 1998.

Before NEBEKER, Chief Judge, and IVERS and GREENE, Judges.

## ORDER

PER CURIAM:

On February 13, 1998, the Court issued a panel decision which affirmed the December 1996 Board of Veterans' Appeals (Board or BVA) decision on appeal. On March 10, 1998, the Court entered judgment. On March 25, 1998, counsel for the appellant filed an unopposed motion to vacate the judgment as well as the underlying decisions by the BVA and VA on account of the veteran's death on March 7, 1998. The Court notes that the appellant's death occurred just a few days prior to judgment being entered in this appeal.

The Court held in *Landicho v. Brown*, 7 Vet.App. 42, 44 (1994), that substitution of an appellant is not permissible in this Court where the appellant is a veteran who dies while the denial by the Board of the veteran's claim for disability compensation under chapter 11 of title 38, U.S.Code, is pending here on appeal. *See Zevalkink v. Brown*, 102 F.3d 1236, 1243–44 (Fed.Cir.

1996) (expressly agreeing with this Court's *Landicho* holding). In this case, the appeal was still pending before the Court at the time of the appellant's death because judgment had not issued. Thus, the Court's decision had not become final. *Taylor v. West*, 11 Vet.App. 206 (1998). Under such circumstances, the Court has held that the appropriate remedy is to vacate the BVA decision from which the appeal was taken and to dismiss the appeal. *Landicho*, 7 Vet.App. at 54. This is done to ensure that the BVA decision and the underlying VA regional office (RO) decision will have no preclusive effect in the adjudication of any accrued-benefits claims derived from the veteran's entitlements. *Id.*

On consideration of the foregoing, it is

ORDERED that the judgment in this appeal is recalled. It is further

ORDERED that the Court's February 13, 1998, decision is withdrawn. It is further

ORDERED that the appellant's March 25, 1998, motion is granted and the December 1996 Board decision is VACATED. This decision of the Court vacating the Board decision has the legal effect of nullifying the previous merits adjudication by the RO because that decision was subsumed in the Board decision. *See Yoma v. Brown*, 8 Vet.App. 298 (1995) (per curiam order) (relying on *Robinette v. Brown*, 8 Vet.App. 69, 80 (1995)); *see also Hudgins v. Brown*, 8 Vet. App. 365, 368 (1995) (per curiam order) (accrued-benefits claim by survivor will have same character as claim veteran was pursuing at time of death, and adjudication of that accrued-benefits claim not affected by Board or RO decision nullified by Court's order vacating Board decision). It is further

ORDERED that this appeal is DISMISSED for lack of jurisdiction.