Donald R. KEEN, Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.

No. 96–299.

United States Court of Appeals for Veterans Claims.

Sept. 20, 1999.

Before NEBEKER, Chief Judge, and KRAMER and HOLDAWAY, Judges.

## ORDER

PER CURIAM:

On February 5, 1999, the Court vacated and remanded the February 15, 1996, Board of Veterans' Appeals (Board) decision. On May 4, 1999, the Court issued its mandate. On June 15, 1999, counsel for the Secretary filed a motion to recall the mandate, noting that the appellant had died on April 26, 1998, prior to the issuance of mandate. Counsel for the appellant filed a motion for leave to respond, and on August 13, 1999, submitted a response to the Secretary's motion.

Counsel argues in the response that it is in the interest of justice to deny the Secretary's motion to recall the mandate and to substitute the surviving spouse of the deceased veteran in this appeal. Counsel argues that in both *Landicho v. Brown*, 7 Vet.App. 42, 54 (1994), and *Zevalkink v. Brown*, 6 Vet.App. 483, 490 (1994), *aff'd* 102 F.3d 1236 (Fed.Cir.1996), *cert. denied*, 521 U.S. 1103, 117 S.Ct. 2478, 138 L.Ed.2d 988 (1997), the Court concluded that the law has given a survivor "the right to stand in the shoes of the veteran and pursue his claim after his death." Counsel also points out that the Court's amendment to Rule 43(a) of its Rules of Practice and Procedure, issued the same date as the opinion in *Landicho*, permits substitution for a deceased party "to the extent permitted by law." U.S. VET.APP. R. 43(a)(2).

A Court has the power to set aside any judgment where necessary to protect the integrity of its own processes. *McNaron v. Brown*, 10 Vet.App. 61, 63–64 (1997) (citing *Sargent v. Columbia Forest Products, Inc.*, 75 F.3d 86, 89 (2nd Cir. 1996)). While the exercise of this power is within the discretion of the Court, such discretion should be exercised sparingly and only upon a showing of exceptional circumstances. *McNaron*, 10 Vet.App. at 63 (citing *Boston and Maine Corp. v. Town of Hampton*, 7 F.3d 281, 282–83 (1st Cir.1993)). The death of an appellant prior to the issuance of mandate would be an exceptional circumstance. *McNaron*, at 63; *Keel v. Brown*, 9 Vet.App. 124 (1996).

Under such circumstances, the Court has held that the appropriate remedy is to vacate the Board decision from which the appeal was taken and to dismiss the appeal. *Tidwell v. West*, 11 Vet.App. 242 (1998); *Taylor v. West*, 11 Vet.App. 206 (1998); *Landicho, supra*. This ensures that the Board decision and the underlying RO decision(s) will have no preclusive effect in the adjudication of any accrued-benefits claims derived from the claimant's entitlement. It also nullifies the previous merits adjudication by the RO because that decision was subsumed in the Board decision. *See Yoma v. Brown*, 8 Vet.App. 298 (1995) (relying on *Robinette v. Brown*, 8 Vet.App. 69, 80 (1995)); *see also Hudgins v. Brown*, 8 Vet.App. 365, 368 (1995) (per curiam order). The United States Court of Appeals for the Federal Circuit has held that we have no choice but to do so. *See Richard v. West*, 161 F.3d 719, 722 (Fed.Cir.1998); *see also Haines v. West*, 154 F.3d 1298, 1301 (Fed.Cir.1998).

On consideration of the foregoing, it is

ORDERED that the appellant's motion for leave to respond to the Secretary's

motion to recall the mandate is granted. The Clerk is directed to file the response as of the date it was received. It is further

ORDERED that the Secretary's motion to recall the mandate is granted, and the May 4, 1999, mandate is recalled. It is further

ORDERED that the Court's judgment is recalled, and the Court's February 5, 1999, opinion is withdrawn. It is further

ORDERED that the motion to substitute Alice Naomi Keen is denied. It is further

ORDERED that the Board's decision is VACATED. It is further

ORDERED that this appeal is DISMISSED for lack of jurisdiction.