**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 98-1169

ANTHONY R. SAGNELLA, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge*, and IVERS and STEINBERG, *Judges*.

**O R D E R**

On September 22, 1999, the Court, in a single-judge memorandum decision, reversed that part of a March 16, 1998, Board of Veterans' Appeals (Board or BVA) decision that had denied the appellant's claim for a rating in excess of 40% for a total right knee replacement, and remanded the matter to the Board with instructions to award a 60% disability rating (claim 1). The Court affirmed, to the extent that the BVA had denied a rating in excess of 40%, that part of the Board's decision as to the appellant's claim for an increased rating (above 30%) for hypertrophic arthritis of the left knee with a history of synovitis, for the period from December 10, 1993, to July 15, 1996 (claim 2); and that had denied the appellant's claim for an increased rating, in excess of 40%, for the condition described in claim 2, for the period from July 15, 1996, to December 11, 1996 (claim 3). In this regard, the Court specifically notes with respect to claim 2 that the appellant appealed to the Court only such part of the Board's decision that had denied a rating in excess of 40%. On February 14, 2000, the Court entered judgment. On April 11, 2000, the appellant, through counsel, filed an appeal of the Court's September 1999 decision to the United States Court of Appeals for the Federal Circuit (Federal Circuit).

Subsequent to that filing, the appellant's counsel filed with the Federal Circuit a motion to dismiss the appeal on the ground that the appellant had died on June 16, 2000, while his appeal to the Federal Circuit was pending. In an August 2000 order, the Federal Circuit granted the motion to dismiss the appeal. On November 16, 2000, this Court issued mandate. On January 31, 2001, the Secretary filed with this Court a motion to recall judgment and mandate and to dismiss the appeal. In that motion, the Secretary argues that, because the appellant died while his appeal was pending, this Court lacked jurisdiction to hear the appeal under *Landicho v. Brown*, 7 Vet.App. 42 (1994). On February 13, 2001, the appellant's widow filed an opposition to the Secretary's motion. In that opposition, which addresses only claim 1, the appellant's widow argues that the Court should deny the Secretary's motion "so that any interests she derives from the Board's award of the 60% right knee rating are not affected." Opposition at 3.

In an April 25, 2001, order, the Court directed the appellant's widow to file a motion to substitute and to submit a brief explaining why, in light of the Court's current case law, such motion is proper and should be granted. On May 25, 2001, the appellant's widow filed a motion to substitute as to claim 1 along with a memorandum in support of her motion. In that memorandum, the appellant's widow concedes both that "[i]t is clear that . . . when a veteran dies his claim dies with him," and that the substitution of a party claiming accrued benefits under 38 U.S.C. § 5121(a) is not permissible if a VA claimant dies while his or her appeal to the Court of a BVA denial is pending. Appellant's Widow's Memorandum (Mem.) at 2 (citing *Zevalkink v. Brown*, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); *Landicho*, *supra*). Nevertheless, the appellant's widow argues that the instant case can be distinguished from *Zevalkink* and *Landicho* because, here, the appellant did not die during the pendency of his appeal, but rather nine months after the Court awarded him an increase in benefits and subsequent to the Court's entry of judgment. Mem. at 2; *see Zevalkink* and *Landicho*, both *supra*. Moreover, the appellant's widow contends that this Court's mandate, with respect to the decision directing the award of a 60% rating, issued subsequent to the appellant's death only because he appealed, to the Federal Circuit, that part of this Court's decision that was adverse to him; had he not filed such an appeal, she contends, he would have received, prior to his death, the award of benefits granted by this Court in its September 1999 memorandum decision. Mem. at 1-2. The appellant's widow further asserts that the Court's decision whether to recall judgment and mandate under the circumstances in this case is discretionary. *Id.*; *see McNaron v. Brown*, 10 Vet.App. 61, 63 (1997). The appellant's widow concludes that, because "the Court's case law establishes that substitution is improper only where the veteran dies <u>before</u> his appeal has been adjudicated" and judgment has been entered, and because the decision whether to recall judgment and mandate is discretionary, the Court should grant her motion for substitution in this case. Mem. at 3-4.

In its August 14, 2000, order, the Federal Circuit held that the appellant's increased-rating claim (claim 1) could not be, and had not been, appealed and, therefore, that that claim was not before it. *See Sagnella v. Gober*, 243 F.3d 557 (Fed. Cir. 2000) (Table) ("The Court of Appeals for Veterans Claims remanded to the Board with directions to award [the appellant] a 60% rating [with respect to claim 1]. That remand order was not an appealable order of the veterans court."). Thus, although this Court's records indicate, with respect to the disposition of claim 1, that mandate issued on November 16, 2000, the effect of the Federal Circuit's holding is that the September 1999 decision with respect to claim 1 became final on April 14, 2000, *prior* to the appellant's June 16, 2000, death. *See* 38 U.S.C. § 7291(a); U.S. VET. APP. R. 36, 41(a). In this regard, the Court notes that the Federal Circuit's holding as to claim 1 is the law of the case because this Court is bound by the determinations of a superior tribunal. *See Browder v. Brown*, 5 Vet.App. 268, 270-71 (1993) (citing *City of Cleveland v. Federal Power Commission*, 561 F.2d 344, 346 (D.C. Cir. 1977), for proposition that under law-of-the-case doctrine "[a] body subject to the decision of a federal appellate court 'is without power to do anything which is contrary to either the letter or spirit of the mandate construed in light of the opinion of the court deciding the case'"); *see also Timberlake v. Gober*, 14 Vet.App. 122, 131 (2000); *Bethea v. Derwinski*, 2 Vet.App. 252, 254 (1992) (noting that decisions of Federal Circuit are binding on this Court).

2

As indicated above, this Court has discretion as to whether it will recall judgment and mandate. *See Zipfel v. Halliburton Co.*, 861 F.2d 565, 567 (9th Cir. 1988) (exercise of power to recall mandate is within discretion of court); *see also McNaron*, *supra.* "However, such discretion may be exercised only for good cause or to prevent injustice, and only when 'unusual circumstances exist sufficient to justify modification or recall of a prior judgment.'" *McNaron*, 10 Vet.App. at 63 (quoting *Zipfel*, *supra*); *see also Kutscherousky v. West*, 12 Vet.App. 369, 371 (1999) (per curiam order). Among the unusual circumstances justifying a Court's exercise of its power to recall mandate are the discovery that the judgment was obtained by fraud, the correction of clerical mistakes and judicial oversights, a subsequent change in the law, or where it is discovered that the appellant had died prior to the issuance of the mandate. *See McNaron*, *supra.* Given the Federal Circuit's implicit holding that this Court's judgment became final on April 14, 2000, *see Sagnella*, *supra*, prior to the appellant's death, the Court cannot conclude that any of those "unusual circumstances" are present in the instant case with respect to claim 1. Accordingly, the Secretary's motion, with respect to claim 1, will be denied.

On the other hand, with respect to claims 2 and 3, the Court notes that the appellant had died before this Court's judgment became final. In this regard, the Court held in *Landicho*, 7 Vet.App at 46-49, that substitution by a party claiming accrued benefits under 38 U.S.C. § 5121(a) is not permissible in this Court where the appellant is a veteran who dies while the denial by the Board of the veteran's claim for disability compensation under chapter 11 of title 38, U.S. Code, is pending here on appeal. *See also Zevalkink*, *supra* (expressly agreeing with this Court's *Landicho* holding). This Court held in *Landicho* that the appropriate remedy under such circumstances is to vacate the Board decision from which the appeal was taken and to dismiss the appeal. *Landicho*, 7 Vet.App. at 54. This ensures that the Board decision and the underlying VA regional office (RO) decision(s) will have no preclusive effect in the adjudication of any accrued-benefits claims derived from the veteran's entitlements. It also nullifies the previous merits adjudication by the RO because that decision was subsumed in the Board decision. *See Yoma v. Brown*, 8 Vet.App. 298 (1995) (per curiam order) (relying on *Robinette v. Brown*, 8 Vet.App. 69, 80 (1995)); *see also Hudgins v. Brown*, 8 Vet.App. 365, 368 (1995) (per curiam order). Accordingly, to the extent that the BVA's decision with respect to claims 2 and 3 was appealed by the appellant, the Secretary's motion will be granted.

To the extent that the appellant's widow is claiming entitlement to accrued benefits under 38 U.S.C. § 5121(a), the Court lacks jurisdiction over that claim because there is no final Board decision and no timely filed Notice of Disagreement (NOD) as to that claim. *See Landicho*, 7 Vet.App. at 47-48 (Court dismissed appeal where Board had not addressed accrued-benefits claims by appellants seeking substitution and no NOD had been filed as to such claims); *see also Erro v. Brown*, 8 Vet.App. 500, 501 (1996). If the appellant's widow wishes to pursue a claim for accrued benefits, she must first exhaust her administrative remedies before appealing to the Court. *See* 38 U.S.C. § 7266(a); *Quigley v. Derwinski*, 1 Vet.App. 1 (1990).

Based upon the foregoing, it is

ORDERED that, as to claim 1, the Court's November 16, 2000, mandate is recalled and mandate is issued as of April 14, 2000. It is further

ORDERED that, as to claim 1, the Secretary's motion is denied. It is further

ORDERED that, as to claim 1, the appellant's widow's motion to substitute is denied as moot. It is further

ORDERED that, as to claims 2 and 3, the Secretary's motion is granted. It is further

ORDERED that, as to claims 2 and 3, the Court's judgment and mandate are recalled. It is further

ORDERED that, as to claims 2 and 3, the Court's September 22, 1999, memorandum decision is withdrawn. It is further

ORDERED that, as to claims 2 and 3, to the extent that those claims were appealed by the appellant, the March 16, 1998, decision of the Board is VACATED. It is further

ORDERED that, as to claims 2 and 3, this appeal is DISMISSED for lack of jurisdiction.

DATED: October 19, 2001                                        PER CURIAM.