# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-0927

DARRELL J. HAMPTON, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before GREENE, *Chief Judge*, and KASOLD and DAVIS, *Judges*.

## O R D E R

On May 11, 2003, the pro se appellant filed a Notice of Appeal (NOA) from a March 14, 2003, decision of the Chairman of the Board of Veterans' Appeals (Board) that denied a December 14, 2002, request for reconsideration. The Chairman had construed the request as one for reconsideration of two Board decisions, dated February 9, 2000, and May 15, 2002, and his denial of reconsideration applied to both.

The Secretary moved to dismiss this appeal for lack of jurisdiction, asserting that the appellant had filed his request for reconsideration more than 120 days after the February 2000 and May 2002 Board decisions, thus rendering his NOA untimely. The appellant filed a response in opposition, asserting that he attends graduate school in New York but maintains a permanent residence in North Carolina, and that he did not receive the May 2002 Board decision until September 2002 when he returned to New York from North Carolina. He further argues that his North Carolina residency and New York school addresses were both of record for years. The Secretary filed two preliminary records and supplements thereto.

The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 181 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992). Absent circumstances warranting equitable tolling of the time in which to file an appeal, *see, e.g.*, *Arbas v. Nicholson*, 403 F.3d 1379, 1381 (Fed. Cir. 2005) (setting forth recognized situations when equitable tolling was warranted), the Court has jurisdiction over an appeal of a Board Chairman's denial of a request for reconsideration only if the request for reconsideration was filed within 120 days of the proper mailing of the Board's decision for which reconsideration was sought and a Notice of Appeal (NOA) is filed within 120 days after the proper mailing of the Chairman's decision, *see Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991); *see also* 38 U.S.C. § 7266(a); *Mayer v. Brown*, 37 F.3d 618, 619 (Fed. Cir. 1994); *Marsh v. West*, 11 Vet.App. 468, 469 (1998) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (appellate jurisdiction derives exclusively from statutory grant of authority provided by Congress and may not be extended beyond that permitted by law)).

To that end, the Court may find facts "crucial to the proper determination of whether this Court has jurisdiction." *Stokes v. Derwinski*, 1 Vet.App. 201, 203-04 (1991).

It is well established that the Board is presumed to have properly mailed a copy of its decision to the last known address of a claimant, and the claimant's representative, if any, on the date that the decision was issued. *See Sthele v. Principi*, 19 Vet.App. 11, 16-17 (2004); *see also* 38 C.F.R. § 20.1100 (2005) ("All decisions of the Board will be stamped with the date of mailing on the face of the decision."). This presumption is not absolute and may be rebutted by showing with clear evidence that the Board's "'regular' mailing practices were not regular or were not followed." *Sthele*, 19 Vet.App. at 17 (quoting *Ashley v. Derwinski*, 2 Vet.App. 307, 309 (1992)).

When the Board's regular mailing practices are shown to be irregular through an appellant's assertion of nonreceipt of the Board decision and the use by the Board or the Secretary of multiple and fluctuating addresses for the appellant, the presumption of proper mailing is rebutted. *See Thompson v. Brown*, 8 Vet.App. 169, 178-79 (1995) [hereinafter *Thompson I*]. Once the presumption is rebutted, the burden shifts to the Secretary to demonstrate a proper mailing or actual receipt of the Board decision after which the 120-day period will begin to run. *See Sthele, supra; Davis v. Principi*, 17 Vet.App. 29, 37 (2003) ("any defect in the mailing process may be cured by proof of actual receipt of the [Board] decision by the appellant," at which point the period to file an NOA begins to run).

In this instance, the appellant's argument relates only to the May 2002 Board decision. Inasmuch as the appellant does not assert improper mailing or nonreceipt of the February 2000 Board decision, he has not met his burden of demonstrating that the Court has jurisdiction to review the Chairman's denial of reconsideration of that Board decision. *See McNutt* and *Bethea*, both *supra*.

As to the May 2002 Board decision, the pleadings, documents, and preliminary record before the Court indicate that the appellant had advised the Secretary that he attended school in New York but maintained his residency in North Carolina, that the Secretary used multiple addresses when communicating with the appellant, and that the appellant asserts that he did not receive that decision until September 2002. Assuming arguendo that such a showing is sufficient to rebut the presumption of regularity, the burden would shift to the Secretary to demonstrate a proper mailing or actual receipt of the May 2002 Board decision. *See Sthele* and *Thompson I*, both *supra*.

Although the appellant notified the Secretary that he was attending school in New York and that his permanent residence was in North Carolina, the preliminary record does not indicate that the appellant prior to the Board's May 2002 decision informed the Secretary of any specific periods of time that he would be at one address or the other, or that he wanted his mail sent to one address in preference to the other. *Compare Hyson v. Brown*, 5 Vet.App. 262, 265 (1993) ("In the normal course of events, it is the burden of the veteran to keep [the Secretary] appraised of his whereabouts. If he does not do so, there is no burden on the part of the [the Secretary] to turn up heaven and earth to find him.") Moreover, the preliminary record shows that the most recent correspondence from the appellant to the Secretary prior to May 15, 2002 (the date of the Board decision), was dated

November 8, 2001, and it presented the New York address as the return address. *See* First Preliminary Record (R.) at 8 (filed Feb. 25, 2005). In fact, the New York address was used by the appellant on all correspondence in the preliminary record between January 2000 and September 2002. *See* First Preliminary R. at 6, 8; Second Preliminary R. at 21, 25, 27, 30, 31 (filed July 15, 2005). Indeed, prior to the May 2002 Board decision, the last correspondence from the appellant to either the RO or the Board that used the North Carolina address was in March 1999. *See* First Preliminary R. at 2. Further, the Secretary relies upon the declaration of James J. Jensen, director of the Management and Administrative Service of the Board, wherein he attests that the May 2002 Board decision was properly mailed to the appellant's New York address on May 15, 2002, and that there is no indication that the United States Postal Service returned this decision to the Board as undeliverable. *See Cross v. Brown*, 9 Vet.App. 18, 19 (1996) (when mail to claimant is returned as undeliverable, Secretary has duty to search claims file for alternative address).

Moreover, the preliminary record also includes a "Report of Contact" dated May 20, 2002, five days after the date of the May 2002 Board's decision. Therein, Richard C. Thrasher, chief counsel for policy, reports that the appellant "called to express his displeasure with the decision recently issued by the Board on May 15, 2002," and Mr. Thrasher cited with specificity the various aspects of the Board's May 2002 decision with which the appellant took displeasure. *See* Appellee's Response to Court Order (filed Oct. 28, 2005), Exhibit 3. This Report of Contact is certified by the Secretary as part of the official record of proceedings below, and it was served on the appellant. The appellant, despite his numerous filings in this Court on the issue of mailing, has not disputed this Report of Contact. The unrebutted Report of Contact demonstrates actual knowledge of the contents of the May 2002 Board decision by the appellant on May 20, 2002, and therefore his timely receipt thereof.[1] *See* VA's Adjudication Procedure Manual M21-1, Part VII, Chapter 5, § 5.05(a) ("Report of Contact[] is to record discussions involving potentially controversial matters between VA employees and claimants"); *see also Marsh v. Nicholson*, 19 Vet.App, 381, 385 (2005) (Court presumes "that public officers perform their duties 'correctly, fairly, in good faith, and in accordance with law and governing regulations'" (quoting *Alaska Airlines, Inc. v. Johnson*, 8 F.3d 791, 795 (Fed. Cir. 1993) (internal quotation omitted))). Although actual receipt may not be shown by a mere assertion that certain procedures were followed, *see Thompson v. Brown*, 9 Vet.App. 173, 177 (1996) [hereinafter *Thompson II*] (reaffirming *Thompson I*), in this case the appellant himself stated, and Mr. Thrasher recorded in the Report of Contact, his displeasure with the Board's May 2002 decision. Assuming arguendo that the Board erred by not properly mailing the May 2002 decision, based on

---

[1] Although the Federal Rules of Evidence generally do not apply to proceedings before the Court, *see Cacalda v. Brown*, 9 Vet.App. 261, 264 (1996) (citing *Bielby v. Brown*, 7 Vet.App. 260, 267-68 (1994)), we nonetheless look to them for guidance for purposes of determining facts relevant to our jurisdiction. We note that the statement of the appellant as recorded in the Report of Contact is admissible as an admission by a party opponent and is not considered hearsay. *See* FED. R. EVID. 801(d)(2) (admission by party opponent deemed non-hearsay). Also, the Report of Contact is a business record and is considered an exception to the hearsay rule. *See* FED. R. EVID. 803(6) (records kept in the ordinary course of business and meeting certain certification requirements deemed an exception to the rule against hearsay). Accordingly, neither the Report of Contact nor the appellant's statements contained therein are precluded by operation of the hearsay rule. *See* FED. R. EVID. 805 ("Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules.").

the pleadings and preliminary record filed in this case, we find that the appellant had actual receipt of the Board decision as of May 20, 2002, thus curing as of that date any defect in mailing. *See Thompson II*, 9 Vet.App. at 176 (Court's caselaw "does not limit the method by which the Secretary may show actual receipt").

Because the appellant failed to file either a request for reconsideration with the Board Chairman or a Notice of Appeal with the Court within 120 days after either the date of the proper mailing of the Board's decision (i.e., May 15, 2002) or the date upon which any defect in mailing was cured (i.e., May 20, 2002), the appellant has not met his burden of demonstrating that the Court has jurisdiction over this appeal, and the matter will be dismissed.

Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion to dismiss this appeal for lack of jurisdiction is granted and this appeal is DISMISSED.

DATED: April 6, 2006                                        PER CURIAM.