NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRISTOPHER L. CONES,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-2209

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-5283, Judge Joseph L. Toth.

---

Decided: September 2, 2020

---

ZACHARY STOLZ, Chisholm Chisholm & Kilpatrick, Providence, RI, for claimant-appellant. Also represented by APRIL DONAHOWER, AMY F. ODOM.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ETHAN P. DAVIS, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.; MEGHAN ALPHONSO, BRIAN D. GRIFFIN, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before DYK, O'MALLEY, and REYNA, *Circuit Judges.*

DYK, *Circuit Judge.*

Christopher Cones appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing his appeal as untimely. We *affirm.*

BACKGROUND

Mr. Cones served in the Army from March to May 1992. In November 2016, the Board of Veterans' Appeals ("Board") awarded Mr. Cones benefits under Diagnostic Code 5201 for a right shoulder disability but, in a decision dated March 5, 2018, denied Mr. Cones' claim to a separate disability rating under Diagnostic Code 5202.[1] Diagnostic Code 5201 relates to limitation in the motion of an arm, whereas Diagnostic Code 5202 relates to other impairment of the humerus. 38 C.F.R. § 4.71a.

On September 24, 2018, 203 days after March 5, Mr. Cones filed a notice of appeal to the Veterans Court. On November 20, 2018, the Department of Veterans Affairs ("VA") moved to dismiss Mr. Cones' appeal as untimely under 38 U.S.C. § 7266(a). Section 7266(a) provides that a notice of appeal must be filed "within 120 days after the date on which notice of the [Board] decision is mailed pursuant to section 7104(e) of this title." 38 U.S.C. § 7266(a). Section 7104(e) provides that "after reaching a

————————————

[1] Mr. Cones also sought special monthly compensation ("SMC") for his right shoulder injury. The Board remanded to the VA Regional Office for consideration of whether Mr. Cones is entitled to SMC. Mr. Cones' SMC claim is not at issue in this appeal.

decision on a case, the Board shall promptly mail a copy of its written decision to the claimant" and also "send a copy . . . to the [claimant's] authorized representative." *Id.* § 7104(e)(1)–(2).

Mr. Cones opposed the motion, arguing that the Board did not promptly mail the March 5 decision to him as required by section 7104(e). Mr. Cones asserted that he never received the Board's decision in the mail, nor was the decision posted electronically to the Veterans Benefits Management System when Mr. Cones' representative checked the system on March 6. Mr. Cones contends that he only learned of the Board's decision on September 5, when his representative called the VA to inquire about the status of his appeal, and the Board informed him that his appeal had been decided. As further evidence of purported irregularity in the Board's handling of the case, Mr. Cones noted that the cover letter to the Board decision was dated March 2, 2018, while the decision itself was dated March 5, 2018. To Mr. Cones, the period for appeal started on September 5 when the Board notified him of its decision, and so his appeal on September 24 was timely.

The Veterans Court granted the VA's motion to dismiss. The court found that the Board decision was in fact mailed on March 5, 2018, in compliance with section 7104(e). In reaching that conclusion, the Veterans Court noted the presumption of regularity of mailing. Under that presumption, the Board "is presumed to have properly mailed a copy of its decision to the last known address of a claimant and his representatives, if any, on the date that the decision was issued." J.A. 1 (citing *Hampton v. Nicholson*, 20 Vet. App. 459, 460–61 (2006)) "The presumption may be rebutted with clear evidence that the Board's regular mailing practices were not regular or were not followed." *Id.* "When the Board's regular mailing practices are shown to be irregular, the burden shifts to the [VA] to demonstrate by a preponderance of the evidence a proper mailing or actual receipt of the Board decision . . . ." *Id.*

Applying this framework, the Veterans Court concluded that even if the evidence on which Mr. Cones relied constituted sufficient evidence to overcome the presumption, the VA had met its burden to show that the decision was mailed on March 5, 2018. Specifically, the Veterans Court reasoned:

> [A] preponderance of the evidence adduced by the [VA] demonstrates that the decision was properly mailed. Specifically, the [VA] provided (1) a signed and dated copy of the original Board decision; (2) a sworn affidavit from the Deputy Vice Chairman of the Board that the decision was mailed to Mr. Cones and his counsel at the proper address on the date of decision; and (3) computer screenshots of the Board's electronic tracking system, which indicated that the Board's decision was issued on March 5. This evidence is highly probative of an actual mailing and preponderates over the evidence presented by the veteran . . . .

J.A. 2.

Finding that the Board decision was properly mailed on March 5, 2018, the Board concluded that Mr. Cones' notice of appeal on September 24 was untimely. Mr. Cones appeals.

## DISCUSSION

We have limited jurisdiction to review decisions by the Veterans Court. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision. 38 U.S.C. § 7292(c). Except to the extent that an appeal presents a constitutional issue, we may not review a challenge to a factual

determination or a challenge to a law or regulation as applied to the facts of a particular case. *Id.* § 7292(d)(2).

Mr. Cones argues on appeal that the Veterans Court misinterpreted 38 U.S.C. § 7104(e) and the presumption of regularity. Mr. Cones asserts that because the Veterans Court assumed that the presumption of regularity was rebutted by Mr. Cones, the "VA was required to present direct evidence of . . . 'mailing' as that term is used in 38 U.S.C. § 7104(e)." Appellant's Br. 9, 11. Specifically, Mr. Cones contends that the "VA was required to present evidence that [a] designated [Board] employee delivered the decision to the [VA Central Office] mail room, which in turn delivered it to the U.S. Postal Service." Appellant's Br. 12 To Mr. Cones, the evidence on which the Veterans Court relied was legally insufficient because it "simply described the Board's mailing procedures." Appellant's Br. 10–11.

We reject Mr. Cones' argument that if the presumption of regularity is rebutted, the VA is required to provide "direct" evidence of mailing. It is well established that circumstantial evidence (here, evidence of the VA's mailing procedures) can be sufficient to prove a fact; direct evidence is not necessary. *See, e.g.*, *United States v. C.H. Robinson Co.*, 760 F.3d 1376, 1382 (Fed. Cir. 2014); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1318 (Fed. Cir. 2009); *Moleculon Rsch. Corp. v. CBS, Inc.*, 793 F.2d 1261, 1272 (Fed. Cir. 1986). All other conclusions Mr. Cones challenges on appeal are factual and outside the scope of our jurisdiction.

## AFFIRMED

### COSTS

No costs.