William E. O'CONNOR, Appellant,

v.

Togo D. WEST, Jr., Acting Secretary Of Veterans Affairs, Appellee.

No. 95–1049.

United States Court of Veterans Appeals.

Jan. 29, 1998.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

## ORDER

PER CURIAM:

The appellant filed a Notice of Appeal on October 24, 1995, from that portion of a September 29, 1995, decision of the Board of Veterans' Appeals (Board) which denied an effective date earlier than April 18, 1991, for a grant of service connection for post-traumatic stress disorder. Briefs were filed by both parties, and on August 4, 1997, the Court, in a single-judge memorandum decision, vacated the September 29, 1995, Board decision in part and remanded the matter. Judgment was entered on September 2, 1997.

The 30-day period within which to file an application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), commenced on November 1, 1997. On November 17, 1997, the appellant filed an EAJA application. On December 30, 1997, the Secretary filed a response in which he

concedes that Appellant has met the three predicate findings for an EAJA award: (1) Appellant is a "prevailing party;" (2) the Secretary's position was not "substantially justified;" and (3) there are no "special circumstances" which would make an award unjust. 28 U.S.C. § 2412(d).

For purposes of avoiding further litigation, the Secretary is not contesting the reasonableness of Appellant's attorney fees or expenses under the current case law. *See* 28 U.S.C. § 2412(d)(1)(C).

Secretary's Response (Response) at 1. In his conclusion, the Secretary specifically "requests the Court to award reasonable EAJA fees in the instant case." Response at 2.

In view of the concessions and prayer for specific relief contained therein, the Court construes the Secretary's response as a motion requesting the Court to enter an order granting the appellant's application. So construed, the Secretary's motion is uncontested as there is no dispute between the parties as to the merits of the appellant's application. *See* Part VII(a) of the Court's Internal Operating Procedures, 10 Vet.App. LXXIII, Part VII(a) (1997)("The Clerk disposes of uncontested or routine procedural motions as determined by the Court."). Accordingly, the

Secretary's motion for an Order awarding the appellant attorney fees, costs, and expenses pursuant to 28 U.S.C. § 2412(d) in the amount of $8,648.64 is granted.

It is so ORDERED.