Steven C. SIMEON, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 97–558.

United States Court of Veterans Appeals.

June 12, 1998.

Before NEBEKER, Chief Judge, and
FARLEY and IVERS, Judges.

## ORDER

PER CURIAM:

On April 6, 1997, the appellant filed a Notice of Appeal from an March 31, 1997, decision of the Board of Veterans' Appeals (Board). The parties filed a joint motion to remand this appeal which was granted on February 4, 1998. Pursuant to Rule 41(b) of the Court's Rules of Practice and Procedure (Rules), the order granting the motion constituted the mandate of the Court.

On February 17, 1998, the appellant filed a timely application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of $10,422.50. On March 5, 1998, the Secretary filed a response in which he

> concede[d] that Appellant has met the three predicate findings for an EAJA award: (1) Appellant is a "prevailing party;" [sic] (2) the Secretary's position was not "substantially justified;" [sic] and (3) there are no "special circumstances" which would make an award unjust. 28 U.S.C. § 2412(d).
>
> For purposes of avoiding further litigation, the Secretary is not contesting the reasonableness of Appellant's attorney fees or expenses under the current case law. See 28 U.S.C. § 2412(d)(1)(C).

Secretary's Response (Resp.) at 1–2. In his conclusion, the Secretary stated that he did not "contest an award in an amount deemed reasonable by the Court, up to $10,422.50." Resp. at 2.

In a March 6, 1998, order, issued by the Clerk of the Court, the Secretary's response was construed as an uncontested motion requesting the Court to enter an order granting the appellant's application. The Court granted the motion (as construed), and is-

sued its mandate. *See O'Connor v. West,* 11 Vet.App. 18 (1998).

On March 16, 1998, the Secretary filed a motion to vacate the Court's March 6, 1998, order, to recall the mandate, and to stay proceedings. As grounds for his motion, the Secretary cites to Rules 27(a) and 45(g), and asserts that neither the appellant's application for EAJA fees nor his response to that application is a motion upon which the Clerk is authorized to act. The Secretary notes that for the sake of clarity, he expressly specified in his March 5, 1998, response, that it was not a motion made under Rules 27(a) or 45(g). He further suggests that the issues presented by the appellant's EAJA application and the Secretary's response are appropriate for submission to a judge of the Court for disposition.

In *O'Connor, supra,* the Secretary, despite having conceded all elements of the appellant's EAJA claim, still sought to have the Court perform what would have been, in essence, a ministerial act of granting an uncontested motion. In this case, the Secretary again attempted to engage the judicial resources of the Court despite his concession of all of the elements of the appellant's application. Moreover, in a footnote in his response to the appellant's EAJA application the Secretary also sought to preempt the Court's construction of his response as an uncontested motion for an order granting the appellant's EAJA application. However, as in *O'Connor,* the Court construed the Secretary's response as an unopposed motion and, as so construed, the motion was granted by the Clerk acting "FOR THE COURT." *See* U.S. VET.APP. R. 2; *Stillwell v. Brown,* 6 Vet.App. 291, 301 (1994) (when party prevails in litigation against the government, the government bears the burden of establishing that its position was substantially justified); *Lematta v. Brown,* 8 Vet.App. 504, 507 (1996) (EAJA fees awarded unless government's position was substantially justified); *see also* U.S. VET.APP. R. 45(h) (Clerk may act on an application for attorney fees and expenses when the Secretary does not contest the EAJA application, rule effective Apr. 30, 1998). Of course, the real lament is that the Secretary took an insubstantial and, as he now recognizes, indefensible legal position during the adjudication of the appellant's claim. The arguments of the Secretary, including his exercise in semantics designed to prevent the Court from correctly characterizing his response, must be, and are, rejected.

 Finally, the Court's power to recall a mandate "may be exercised only for good cause or to prevent injustice, and only when 'unusual circumstances exist sufficient to justify modification or recall of a prior judgment.'" *McNaron v. Brown,* 10 Vet.App. 61, 63 (1997). The Court finds that the Secretary has failed to show good cause or special circumstances that would justify the recall of the Court's mandate; nor has the Secretary shown that failure to do so would result in injustice. Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion to vacate the Court's March 6, 1998, order, to recall its mandate, and to stay proceedings is DENIED.